IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **INFECTIOUS DISEASE SOLUTIONS, PC**<br><br>                  **Plaintiff,**<br><br>  v.<br><br>**SYNAMED (THE ENTERPRISE), SYNAMED LLC, SYNA BILLING, INC., and BAK KIM, M.D.**<br><br>                  **Defendants.** | 1:07-cv-0211-WSD |

**OPINION AND ORDER**

This matter is before the Court on Synamed, LLC ("Synamed") Syna Billing, Inc. ("Syna Billing") and Dr. Back Kim's (collectively, "Defendants'") Motion to Dismiss Plaintiffs' Complaint or Motion to Transfer Venue [6].

Defendants move under Federal Rule of Civil Procedure 12(b)(3) to dismiss this case for improper venue. Defendants allege that the agreements between Infectious Disease Solutions, PC ("IDS") and Defendants have contain forum selection clauses specifying that actions concerning the agreements must be brought in New York state courts. Because this Court cannot transfer this action to a New York state court, Defendants move to dismiss under Rule 12(b)(3). In the

alternative, Defendants request that the Court transfer this action to the Eastern District of New York under 28 U.S.C. § 1404(a).

## I.     BACKGROUND

IDS is a medical practice operating out of Piedmont Hospital in Atlanta, Georgia. IDS alleges that Synamed and Syna Billing, New York companies operated by New York resident Dr. Bak Kim, approached it in June of 2004. IDS alleges that Defendants offered IDS a "turnkey solution" for medical office administration and record keeping in a package that included billing, prescribing, scheduling, laboratory, modeling, and other services. IDS signed contracts with Synamed and Syna Billing for these services

IDS alleges that after the contracts were signed, Synamed and Syna Billing failed to provide many of the promised services. IDS further alleges that Defendants took advantage of the automatic debiting payment setup to overbill it on a monthly basis. IDS brought suit against Defendants in this Court on claims of

beach of contract, fraud, conversion, and civil RICO.[1]  Defendants responded by filing a pre-answer motion to dismiss the case for improper venue.

## II.   DISCUSSION

### A.   The Contracts

Two contracts are at issue in this case.  One is between Synamed and IDS, the other is between Syna Billing and IDS (the "contracts").  The contracts have similar forum selection clauses.  The contract between IDS and Synamed states, "Any and all proceedings relating to the subject matter [of this Agreement] shall be maintained in the New York State Supreme Court for the County of Queens, New York, or the United States District Court for the Eastern District of New York, which courts shall have exclusive jurisdiction for such purpose."  The Agreement between IDS and Syna Billing contains a similar forum selection clause stating: "Each party to this Agreement hereby agrees and consents that any legal action or proceedings with respect to this Agreement shall only be brought in the courts of the State of New York in Queens County."

---

[1] IDS also brings claims for "equitable relief" and "punitive damages."  The Court notes that RICO and punitive damages claims are increasingly being asserted in cases that fundamentally concern commercial disputes.  This litigation strategy is seldom successful, and often unnecessarily increases the cost of litigation and the burden on the parties and the courts.

B.   Venue

Forum selection clauses are enforceable in federal courts.  P & S Business Machines, Inc. v. Canon USA, Inc., 331 F.3d 804, 807 (11th Cir. 2003).  By enforcing the contractual forum, the Court is not attempting to limit the plaintiff's usual right to choose its forum, but is enforcing the forum that the plaintiff already chose.  Id.  Where a valid choice of forum clause exists, there is "no reason why a court should accord deference to the forum in which plaintiff filed its action.  Such deference . . . would only encourage parties to violate their contractual obligations, the integrity of which are vital to our judicial system."  In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

Generally, contractual forum selection clauses are permitted to restrict parties to seeking remedies in one particular court, such as state courts of a certain state.  See, e.g., Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999) (commenting approvingly on a remand order based on a forum selection clause specifying state court).  Forum selection clauses are not rendered invalid merely because they "tend to 'oust' a court of jurisdiction . . . ."  M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972).

Forum selection clauses are enforceable if they are "freely and fairly negotiated by experienced business professionals" in the absence of "fraud, duress, misrepresentation, or other misconduct that would bar the clause's enforcement" or "intervening and unexpected occurrences between the contract's formation and the filing of the suit [such that] the contract's purpose would be frustrated if [the clause was enforced]." Ricoh, 870 F.2d at 573-74. Appropriately worded forum selection clauses cab control "all causes of action arising directly or indirectly from the business relationship evidenced by the contract." Stewart Org., Inc. v. Ricoh Corp., 810 F.2d 1066, 1070 (11th Cir. 1987).

Typically, a federal district court can enforce forum selection clauses by transferring cases to the appropriate forum under 28 U.S.C. 1404(a). If, however, the contractually chosen venue is one to which the district court cannot transfer the case, such as a foreign court or state court, then dismissal under Rule 12(b)(3) and 28 U.S.C. § 1406(a) is proper. Lipcon v. Underwriters at Lloyd's, London, 148 F.3d 1285, 1290 (11th Cir. 1998).

In this case, although IDS asserts claims beyond breach of contract, IDS's relationship with Synamed, Syna Billing, and Dr. Back Kim are related entirely to the contracts. The whole suit thus falls within the scope of the forum selection

clauses. The Synamed agreement forum selection clause requires "all proceedings related to the subject matter" of the Agreement to be heard in state court in Queens, New York, or in the Eastern District of New York. The Syna Billing forum selection clause requires "any legal action or proceedings with respect to this Agreement" to be heard in state court in Queens County, New York. IDS's claims for fraud, conversion, and civil RICO are necessarily closely related to the contracts, and are thus "related to the subject matter" of the Synamed agreement and asserted "with respect to" the Syna Billing agreement. The forum selection clauses are sufficiently broad to cover all claims at issue in this suit.[2]

The forum selection clauses are not made unenforceable by IDS's addition of Dr. Back Kim as a defendant. Dr. Kim's only relation to IDS is through the contracts, as an officer of Synamed and Syna Billing. "In order to bind a non-party to a forum-selection clause, the party must be 'closely related' to the dispute so that it becomes 'foreseeable' that it will be bound." Lipcon, 148 F.3d at 1299

---

[2] The federal policy in favor of enforcing forum selection clauses counsels that closely related non-contractual claims should not be allowed to be used to circumvent a forum selection clause. "If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims . . . ." Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190, 203 (3d Cir. 1983) overr'd on other grounds at Lauro Lines v. Chasser, 490 U.S. 495 (1989).

(citation omitted). Dr. Back Kim is closely related to the dispute and the contracts, and it was foreseeable that he would be involved in any litigation concerning Synamed and Syna Billing.[3] The claims against Dr. Back Kim exist only because of his alleged failure to perform under the terms of the contracts.

IDS next argues that the forum selection clauses should not be enforced. Forum selection clauses are unenforceable if they are "unreasonable under the circumstances," which occurs when: "(1) their formation was induced by fraud or overreaching; (2) the plaintiff effectively would be deprived of its day in court because of the inconvenience or unfairness of the chosen forum; (3) the fundamental unfairness of the chosen law would deprive plaintiff of a remedy; or (4) enforcement . . . would contravene strong public policy." Lipcon 148 F.3d at 1296.

These circumstances are not present here. IDS fails to show that the contract were induced by fraud or overreaching. IDS is a fairly sophisticated business that routinely enters into contracts for rent, laboratory services, and equipment. Although IDS alleges that Defendants committed fraud by overbilling it and falsely

---

[3] IDS claims in its complaint that Dr. Back Kim is the alter ego of these companies.

describing the services that Synamed and Syna Billing intended to perform, this court will invalidate a choice clause only if "*the inclusion of that clause in the contract was the product of fraud or coercion.*"  Lipcon, 148 F.3d at 1297(quoting Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974)) (emphasis in original).  IDS does not allege that the forum selection clauses were induced by fraud, only that Defendants did not intend to provide all of the services promised.  Without the specific showing required by Lipcon, the forum selection clause cannot be invalidated for fraud.

IDS also does not show that disposing of this matter in Queens County, New York would be so inconvenient as to deprive it of its day in court.  IDS agreed to litigate in New York courts when it contracted with Defendants.  Any inconvenience posed by the selected forum is one that IDS has presumably considered, found reasonable, and agreed to accept.  Similarly, IDS also agreed that any disputes with Defendants would be decided under New York law, and IDS does not argue that New York law is unfair.

IDS last argues that enforcing the forum selection clauses would contradict public policy in light of its RICO claims.  IDS argues that civil RICO represents a public policy to allow plaintiffs "to bring all members of a conspiracy before the

Court in one action." (Pls. Response at 9.) IDS claims that allowing Defendants to invoke their forum selection clause undermines this policy, because they "would always create different corporate forms to enter separate agreements with unsuspecting Plaintiffs, that contain forum selection clauses that when enforced would require the organization to be split and tried in separate jurisdictions as separate actions." (Id. at 10.)

Enforcing the forum selection clauses in this case does not implicate any public policy concerns. The arguments raised by IDS are hypothetical. IDS only suggests that Defendants might try unsavory tactics in the future; it does not raise any facts implicating actual public policy concerns sufficient to defeat a valid agreement.

The forum selection clauses allow cases to be brought in the New York Supreme Court in Queens County, New York. The Court finds that venue for the case is appropriate there.[4]

---

[4] Although the Synamed Agreement permits suit in the Eastern District of New York, the Court could only transfer a part of the claims at issue to that court. The remainder of the case would be governed by the Syna Billing agreement, which requires suit to be brought in the New York Supreme Court in Queens County. Splitting the case in this manner would undermine the convenience of the parties and the interests of justice. 28 U.S.C. § 1404(a). The Court accordingly finds transfer inappropriate.

## III.  CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Complaint or Motion to Transfer Venue [6] is **GRANTED** consistent with the terms of this Order.  Plaintiffs' claims are **DISMISSED WITHOUT PREJUDICE**, to be filed in an appropriate venue.

**SO ORDERED** this 22nd day of August, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE